UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAVARES BILLUPS,

    Petitioner,

-vs-                                                      Case No.  8:06-CV-1540-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**ORDER**

This matter is before the court on the petition of Tavares Billups (hereinafter "Petitioner") for a writ of habeas corpus under 28 U.S.C. § 2254 (hereinafter "petition") (Dkt. 1). Respondent has filed a response to the petition (Dkt. 13), and Petitioner has filed a reply thereto (Dkt. 18).

**Timeliness Analysis**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In his response, Respondent does not challenge the timeliness of the petition (Dkt. 13 at p. 5). However, it appears to the Court that Petitioner's petition may be time-barred.[1]

On March 14, 1994, Petitioner pled guilty to six counts of sexual battery on a child under the age of twelve by a person under the age of eighteen, and he was sentenced to 27 years imprisonment (Dkt. 15, Ex. 2 at p. 1). Execution of sentence was suspended and Petitioner was placed on consecutive terms of two years community control on each of the first three counts (for a total of six years), and concurrent terms of 21 years probation on the last three counts, with the probation to run consecutively to the community control (for a total of six years of community control followed by 21 years of probation) (Id.). Petitioner violated the terms of his community control on several occasions (Dkt. 15, Ex. 1, Vol. II at pp. 122-134). His community control was modified several times (Dkt. 15, Ex. 1, Vol. II at pp. 135-138). On October 20, 1997, his community control was revoked, and he was sentenced to a 27 year suspended prison term, and placed on concurrent two-year terms of community control on the first two counts, two years community control on counts three and four, to run concurrently with each other and consecutively to counts one and two, and concurrent terms of ten years probation on counts five and six, consecutive to counts three and four (Dkt. 15, Ex. 1, Vol. II at pp. 139-148). On June 11, 2001, Petitioner was again found in violation of his community control, and he was

---

[1] "[A] concession of timeliness that is patently erroneous does not compromise the authority of a district court to dismiss sua sponte a habeas petition that is untimely, under AEDPA, which was enacted to promote finality of state criminal judgments." *Day v. Crosby*, 391 F.3d 1192 (11th Cir. 2004). *See also, Day v. McDonough*, 547 U.S. 198, 210 (2006)(district courts are permitted to consider sua sponte timeliness of a state inmate's habeas petition, but must accord parties fair notice and an opportunity to present their positions).

sentenced to concurrent prison terms of 27 years prison on each of the six counts (Dkt. 15, Ex. 1, Vol. III at p. 250; Vol. I at pp.42-52).

Petitioner filed an appeal, and on April 23, 2003, the appellate court per curiam affirmed the revocation judgment and sentence. *Billiups v. State*, 853 So.2d 415 (Fla. 2d DCA 2003)[table]. Petitioner's motion for rehearing was denied on August 5, 2003 (Dkt. 15, Ex. 8).[2] Accordingly, the one-year AEDPA limitation period started to run on November 3, 2003. *See Bond v. Moore*, 309 F.3d 770, 771 (11th Cir. 2002) (finding that "the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired.").

288 days of the one-year AEDPA limitation period elapsed before it was tolled on August 19, 2004, when Petitioner filed a Motion for Post Conviction Relief pursuant to Florida Rule of Criminal Procedure, Rule 3.850 (hereinafter "Rule 3.850 motion")(Dkt. 15, Ex. 10). The state post-conviction court denied the Rule 3.850 motion on November 17, 2004 (Dkt. 15, Ex. 11). Petitioner appealed the denial of the Rule 3.850 motion, and on July 20, 2005, the appellate court affirmed (Dkt. 15, Ex. 14). *See Billups v. State*, 907 So. 2d 522 (Fla. 2d DCA 2005)[table]. The appellate court mandate issued on August 14, 2005 (Dkt. 15, Ex. 15).

While Petitioner's appeal of the denial of his Rule 3.850 motion was pending, he filed a Petition for Writ of Habeas Corpus in the Second District Court of Appeal on July 8, 2005, in

---

[2]While Petitioner's appeal was pending, he filed a Motion to Correct Sentencing Errors pursuant to Florida Rule of Criminal Procedure 3.800(b) (Dkt. 15, Ex. 1, Vol. III at pp. 251-283). On September 12, 2002, the state trial court granted Petitioner's motion in part by vacating the June 11, 2001 sentences on counts one, two, five and six, and the October 20, 1997 sentences on counts five and six were reimposed (Id. at pp. 361-464).

which he alleged ineffective assistance of appellate counsel (Dkt. 15, Ex. 17). On August 30, 2005, the Second District Court of Appeal issued an order in which it stated "[t]he bottom of pages one and two of the petition are illegible. The petitioner shall within 10 days from the date of this order, provide this court with a fully legible copy of the petition or the petition shall be dismissed." (Dkt. 15, Ex. 18). On September 6, 2005, Petitioner filed another Petition for Writ of Habeas Corpus (Dkt. 15, Ex. 20). On September 13, 2005, the Second District Court of Appeal issued an order in which it stated "Petitioner shall supplement the petition alleging ineffective assistance of appellate counsel with a certificate of service showing that it has been served on the Attorney General at 3507 E. Frontage Road, Suite 200, Tampa, Florida, 33607, and shall file an amended petition with a proper oath within twenty days. Failure to comply with this order will result in dismissal of this proceeding without further notice." (Dkt. 15, Ex. 19). Neither party has provided the Court with a copy of the amended petition. However, the Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, viewed October 1, 2008, http://www.2dca.org/the_clerk's_office.htm, *see* Fed. R. Evid. 201, which reveals that a petition was filed by Petitioner on September 23, 2005.[3] On May 23, 2006, the Second District Court of Appeal denied Petitioner's petition alleging ineffective assistance of appellate counsel (Dkt. 15, Ex. 25). *See Billups v. State*, 934 So.2d 455 (Fla. 2d DCA 2006)[table]. Petitioner's motion for rehearing was denied on June 22, 2006 (Dkt. 15, Ex. 27).

---

[3] The Court assumes, without deciding at this time, that the September 23, 2005 petition was the amended petition filed by Petitioner in response to the District Court of Appeal's September 13, 2005 order.

60 more days of the one-year AEDPA limitation period elapsed before Petitioner filed his federal habeas petition on August 21, 2006 (Dkt. 1 at p. 21). Accordingly, if the limitation period was tolled when Petitioner filed his state Petition for Writ of Habeas Corpus on July 8, 2005, and remained tolled until his motion for rehearing was denied on June 22, 2006, only 348 days (288 + 60) of the one-year limitation period elapsed before Petitioner filed his federal habeas petition. However, the case appears to turn on whether Petitioner's July 8, 2005 state Petition for Writ of Habeas Corpus was "a properly filed application for State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2) which tolled the limitation period. If it was properly filed, then Petitioner's federal habeas petition is timely. If it was not properly filed, then his petition is untimely and should be dismissed.

A state application is "properly filed" when "'its delivery and acceptance are in compliance with the applicable laws and rules governing filings,'" which typically include "'*the form of the document*, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.'" *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1315 (11th Cir. 2006) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000))(emphasis added). Florida Rule of Appellate Procedure, Rule 9.141(c)(2005) states in pertinent part that a petition alleging ineffective assistance of appellate counsel "shall recite in the statement of facts...the specific acts *sworn to by the petitioner* or petitioner's counsel that constitute the alleged ineffective assistance of counsel..." Fla. R. App. P. 9.141(c)(3)(F)(emphasis added). Petitioner did not include sworn facts in either his July 8, 2005 petition, or in his September 6, 2005 petition (Dkt. 15, Exs. 17, 20). Accordingly, the Second District Court of Appeal issued its September 13, 2005 order

instructing Petitioner to file an amended petition which included an oath, and warned Petitioner that his petition would be dismissed if he failed to do so (Dkt. 15, Ex. 19). Petitioner apparently filed another petition on September 23, 2005.[4]

If Petitioner's July 8, 2005 state Petition for Writ of Habeas Corpus was not "properly filed" then it did not toll the limitation period. If it did not toll the limitation period, then the limitation period started to run again when the appellate court issued its mandate on August 14, 2005 (affirming the denial of Petitioner's Rule 3.850 motion). The Court is unable to determine if and when the limitation period was thereafter tolled because the record does not include a copy of Petitioner's amended petition for writ of habeas corpus which he apparently filed in the Second District Court of Appeal on September 23, 2005.[5] It is apparent, however, that if Petitioner's July 8, 2005 state Petition for Writ of Habeas Corpus was not "properly filed," Petitioner's federal habeas petition is untimely. Even if the Court were to consider Petitioner's September 6, 2005 state Petition for Writ of Habeas Corpus properly filed,[6] 22 days of the limitation period elapsed between August 14, 2005 and September 6, 2005. Accordingly, 370 days of untolled time elapsed (288 + 22 + 60) before Petitioner filed his federal habeas petition.

**ACCORDINGLY**, the Court **ORDERS** that:

---

[4] Again, the record before the Court does not appear to include a copy of this petition.

[5] Because Petitioner was an incarcerated prisoner, he would have been entitled to the benefits of the "mailbox rule." *See, Houston v. Lack,* 487 U.S. 266, 271-272 (1988)(a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing).

[6] It appears that the September 6, 2005 petition was not properly filed because it did not include facts sworn under oath.

1.      Petitioner shall show cause within **THIRTY (30) DAYS** of the date of this order why this action should not be dismissed as being barred by the one-year limitation period as set forth *supra*. **Failure to comply with this order within the allotted time will result in dismissal of this matter without further notice.**

2.      Within **TWENTY (20) DAYS** from the date of Petitioner's response, Respondent shall file a reply to Petitioner's response and supplement the record with a copy of Petitioner's state amended petition for writ of habeas corpus which appears to have been filed with the Second District Court of Appeal on September 23, 2005 in case number 2D05-3351.

**DONE** and **ORDERED** in Tampa, Florida on October 10, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

<u>Copies furnished to:</u>
Petitioner/Counsel of Record

7