# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

TAVARES BILLUPS,

      Petitioner,

-vs-                              Case No.  8:06-CV-1540-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____/

## ORDER

This matter is before the court on the petition of Tavares Billups (hereinafter "Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition") (Dkt. 1). Respondent has filed a response to the petition (Dkt. 13), and Petitioner has filed a reply thereto (Dkt. 18).  The matter is now before the Court for consideration of the petition.

### Procedural History

On March 14, 1994, Petitioner pled guilty to six counts of sexual battery on a child under the age of twelve by a person under the age of eighteen, and he was sentenced to 27 years imprisonment (Dkt. 15, Ex. 2 at p. 1).  Execution of sentence was suspended and Petitioner was placed on consecutive terms of two years community control on each of the first three counts (for a total of six years), and concurrent terms of 21 years probation on the last three counts, with the probation to run consecutively to the community control (for a

total of six years of community control followed by 21 years of probation) (Id.). Petitioner violated the terms of his community control on several occasions (Dkt. 15, Ex. 1, Vol. II at pp. 122-134). His community control was modified several times (Dkt. 15, Ex. 1, Vol. II at pp. 135-138). On October 20, 1997, his community control was revoked, and he was sentenced to a 27 year suspended prison term, and placed on concurrent two-year terms of community control on the first two counts, two years community control on counts three and four, to run concurrently with each other and consecutively to counts one and two, and concurrent terms of ten years probation on counts five and six, consecutive to counts three and four (Dkt. 15, Ex. 1, Vol. II at pp. 139-148). On June 11, 2001, Petitioner was again found in violation of his community control, and he was sentenced to concurrent prison terms of 27 years prison on each of the six counts (Dkt. 15, Ex. 1, Vol. III at p. 250; Vol. I at pp.42-52).

Petitioner filed an appeal, and on April 23, 2003, the appellate court per curiam affirmed the revocation judgment and sentence. *Billiups v. State*, 853 So.2d 415 (Fla. 2d DCA 2003)[table]. Petitioner's motion for rehearing was denied on August 5, 2003 (Dkt. 15, Ex. 8).[1]

On August 19, 2004, Petitioner filed a Motion for Post Conviction Relief pursuant to Florida Rule of Criminal Procedure, Rule 3.850 (hereinafter "Rule 3.850 motion")(Dkt. 15,

---

[1]While Petitioner's appeal was pending, he filed a Motion to Correct Sentencing Errors pursuant to Florida Rule of Criminal Procedure 3.800(b) (Dkt. 15, Ex. 1, Vol. III at pp. 251-283). On September 12, 2002, the state trial court granted Petitioner's motion in part by vacating the June 11, 2001 sentences on counts one, two, five and six, and the October 20, 1997 sentences on counts five and six were reimposed (Id. at pp. 361-464).

Ex. 10). The state post-conviction court denied the Rule 3.850 motion on November 17, 2004 (Dkt. 15, Ex. 11). Petitioner appealed the denial of the Rule 3.850 motion, and on July 20, 2005, the appellate court affirmed (Dkt. 15, Ex. 14). *See Billups v. State*, 907 So. 2d 522 (Fla. 2d DCA 2005)[table]. The appellate court mandate issued on August 14, 2005 (Dkt. 15, Ex. 15).

While Petitioner's appeal of the denial of his Rule 3.850 motion was pending, he filed a Petition for Writ of Habeas Corpus in the Second District Court of Appeal on July 8, 2005, in which he alleged ineffective assistance of appellate counsel (Dkt. 15, Ex. 17). On August 30, 2005, the Second District Court of Appeal issued an order in which it stated "[t]he bottom of pages one and two of the petition are illegible. The petitioner shall within 10 days from the date of this order, provide this court with a fully legible copy of the petition or the petition shall be dismissed." (Dkt. 15, Ex. 18). On September 6, 2005, Petitioner filed another Petition for Writ of Habeas Corpus (Dkt. 15, Ex. 20). On September 13, 2005, the Second District Court of Appeal issued an order in which it stated "Petitioner shall supplement the petition alleging ineffective assistance of appellate counsel with a certificate of service showing that it has been served on the Attorney General at 3507 E. Frontage Road, Suite 200, Tampa, Florida, 33607, and shall file an amended petition with a proper oath within twenty days. Failure to comply with this order will result in dismissal of this proceeding without further notice." (Dkt. 15, Ex. 19). On September 21, 2005, Petitioner filed his amended petition in which he cured the identified defects (Dkt. 26, Ex. 30). On May 23, 2006, the Second District Court of Appeal denied Petitioner's petition alleging ineffective

assistance of appellate counsel (Dkt. 15, Ex. 25). *See Billups v. State*, 934 So.2d 455 (Fla. 2d DCA 2006)[table]. Petitioner's motion for rehearing was denied on June 22, 2006 (Dkt. 15, Ex. 27).

Petitioner filed his federal habeas petition on August 21, 2006 (Dkt. 1 at p. 21).

## Standards of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland's* two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *Id*. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## Discussion

### I.  Timeliness of Petition

Respondent concedes that the Petition was timely filed pursuant to 28 U.S.C. § 2244(d)(1).  (Dkt. 25).

### II.  Ground One

Violation of 14th Amendment.  Trial court lacked jurisdiction to revoke Petitioner's community control (Dkt. 1 at pgs. 5-9).

#### A.  Exhaustion of State Remedies

In Ground One, Petitioner asserts he was deprived due process because the state court lacked jurisdiction to revoke his community control.  Respondent contends that Petitioner's Ground One is unexhausted and procedurally barred because Petitioner raised such claim in the state courts only as a violation of state law and not as a federal constitutional issue.  This Court agrees.

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."  *Upshaw v. Singletary*, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).  This means that "a state prisoner seeking federal habeas

corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

"[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State 'the opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995)(quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). In *Duncan*, the Court specifically noted that, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at the state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan*, 513 U.S. at 364.

Upon review of the state court record, it is clear that Petitioner did not exhaust this federal due process claim in state court. Petitioner's brief on direct appeal relied solely on state cases in pressing his evidentiary and sentencing issues, and never referred to any violation of his federal constitutional rights (See Dkt. 15, Ex. 2). The State's answer brief similarly relied on state law in urging that the revocation of Petitioner's community control should be affirmed (See Dkt. 15, Ex. 3). There is nothing in the record to suggest that the state court construed the claim as anything other than arising under state law (See Dkt. 15, Ex. 4). Likewise, Petitioner never referred to any violation of his federal constitutional rights

in his subsequent Rule. 3.850 post-conviction, or in his brief on appeal of the denial of his 3.850 motion (See Dkt. 15, Exs. 10, 13). Accordingly, Petitioner is barred from federal review of this claim absent a showing of cause for and actual prejudice from the default. Petitioner has made no such showing.[2] Moreover, it would be futile for Petitioner to now attempt to exhaust this claim in state court because he could have raised his claim on direct appeal of the revocation of his community control. *See, Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.) (Claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983). Accordingly, the Court finds that this claim is procedurally defaulted.

**B.     Merits**

Petitioner's claim that the state court lacked jurisdiction to revoke his community control presents a state law issue for which federal habeas corpus relief does not lie. Federal relief is available to correct only constitutional injury. *Wainwright v. Goode*, 464 U.S. 78 (1983). Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *See Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976). A violation

---

[2]Petitioner's claim that appellate counsel was ineffective in failing to raise on direct appeal the issue that the state court lacked jurisdiction to revoke Petitioner's community control because his community control had already expired, does not demonstrate cause for failing to raise his federal due process claim.

of Florida's jurisdictional mandates does not raise a federal constitutional issue for which federal habeas relief may be granted. *See Cook v. Morrill*, 783 F.2d 593, 595-96 (5th Cir. 1986); *Caudill v. Scott*, 857 F.2d 344, 345-46 (6th Cir. 1988).

Moreover, to the extent Petitioner asserts that when the state court revoked his community control on October 20, 1997, it should have awarded him credit under state law for the time he had spent on community control, this too is a state law matter which does not implicate a federal question. *See Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986)("[S]tate prisoners' claims of error involving . . . probation, and revocation of probation or parole are matters governed by state law that are not cognizable in federal habeas corpus proceedings.").

Finally, on October 20, 1997, his community control was revoked, and he was sentenced to 27 years prison. The incarceration, however, was suspended and he was placed on concurrent two-year terms of community control for counts I and II, and placed on concurrent two-year terms of community control for counts III and IV, to run consecutively to the community control imposed on count I. Accordingly, Petitioner's community control on counts III and IV had not expired when he violated his community control on March 4, 2001.

### III.    Ground Two

Ineffective Assistance of Appellate Counsel. Violation of 6th and 14th Amendment.

In Ground Two, Petitioner alleges ineffective assistance of appellate counsel. Specifically, Petitioner asserts appellate counsel was ineffective in failing to raise, on direct

appeal of the trial court's June 11, 2001 resentencing, the claim that the trial court lacked jurisdiction to revoke his community control because Petitioner had completed his community control on counts III and IV.

Petitioner can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Under AEDPA, Petitioner is entitled to federal habeas relief only if the Florida Second District Court of Appeal's resolution of his ineffective assistance of appellate counsel claim is contrary to, or an unreasonable application of, clearly established federal law, as set forth by the United States Supreme Court. 28 U.S.C. § 2254(d). The Court concludes that he has not carried his burden under AEDPA.

In July 1997, Petitioner violated community control. On October 20, 1997, the trial court did not impose the 27-year sentence that it had previously suspended. Instead, the trial court sentenced Petitioner to 27 years imprisonment and again suspended the entire sentence, placing Petitioner on 2 years community control for counts I and II to run concurrent with each other, 2 years of community control for counts III and IV to run concurrent with each other and consecutive to count I, and concurrent terms of ten years probation for counts V and VI.[3] Petitioner did not appeal this sentence.

---

[3] Petitioner asserts that when the state trial court resentenced him on October 20, 1997, it should have awarded him credit for the time he had spent on community control. *See, e.g., Mills v. State*, 623 So. 2d 840, 841 n. 3 (Fla. 5th DCA 1993)("Where a defendant who was originally sentenced to two years community control

At the October 20, 1997 resentencing, Petitioner could have received 27 years in prison. Instead, the sentence was suspended, and Petitioner was placed on community control. Under Florida law, by accepting the benefit of the community control, and not challenging the trial court's imposition of the community control until after he violated the terms of that community control and the trial court sentenced him to a term of imprisonment in June 2001, Petitioner waived the right to challenge the trial court's reimposition of the community control on October 20, 1997. "One who takes advantage of an invalid sentence until he violates community control is estopped to assert the invalidity of his original sentence." *Dupree v. State*, 708 So. 2d 968, 971 (Fla. 1ˢᵗ DCA 1998)(quoting *Stroble v. State*, 689 So. 2d 1089, 1090 (Fla. 5ᵗʰ DCA), *review denied*, 697 So.2d 512 (Fla. 1997). *See also, Lee v. State*, 666 So. 2d 209 (Fla. 2d DCA 1995).

Because Petitioner waived his right to challenge the trial court's reimposition of the terms of community control on October 20, 1997, no meritorious ground for appeal existed on that issue when Petitioner appealed the June 11, 2001 resentencing. Appellate counsel is not ineffective for failing to raise meritless claims. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11ᵗʰ Cir. 2000). Petitioner fails to demonstrate appellate counsel's performance was deficient.

The Florida Second District Court of Appeal's denial of Petitioner's ineffective assistance of appellate counsel claim is neither contrary to, nor an unreasonable application

---

violates that community control, upon resentencing a new sentence of two years is illegal.").

of, clearly established United States Supreme Court law. Petitioner has identified no United States Supreme Court case holding appellate counsel rendered constitutionally deficient performance in a situation like that before this Court. Moreover, Petitioner has not identified any basis from which this Court can conclude the Florida Second District Court of Appeal unreasonably applied United States Supreme Court law when it denied his ineffective assistance claim. Thus, Petitioner is not entitled to habeas relief under AEDPA.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

**ACCORDINGLY**, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 31, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
Petitioner *pro se*
Counsel of Record

11